IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DANIEL PAUL STODDARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV08-56-S-BLW |
| | ) | |
| vs. | ) | INITIAL REVIEW ORDER |
| | ) | |
| STATE OF IDAHO, IMSI | ) | |
| MEDICAL, and JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether the allegations of the Complaint are subject to summary dismissal under 28 U.S.C § 1915(e)(2).  Having carefully reviewed the record, and otherwise being fully informed, the Court has determined that Plaintiff's Complaint fails to adequately allege Eighth Amendment claims. Accordingly, Plaintiff will be allowed to file an amended complaint in accordance with the guidelines set forth below.  The Court will conditionally grant Plaintiff's request for indigent filing status in this action.

**ORDER-1**

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC) where he is incarcerated at the Idaho Maximum Security Institution (IMSI). He filed his lawsuit against the following Defendants: (1) State of Idaho; and (2) IMSI Medical personnel. *Complaint*, p. 1-2. It appears that Plaintiff may be attempting to challenge his conviction because the Complaint states that "it is the decisions that were made by Judges . . . that I am appealing." *Id.*, p. 3. He also asserts that he was denied the opportunity in his state court criminal action to assert a defense based on the mental illness from which he suffers.

Plaintiff also claims that he was placed in restraints for a week and forced to remain naked in a cell after he attempted suicide. It appears that these events may have occurred while he was a pre-trial detainee because he alleges that he was incompetent to stand trial. Plaintiff also asserts that he was force-medicated during this time. *Id.*, p. 3-4. The Complaint further alleges that Plaintiff's psychiatrist threatened to remove his property, if he did not wake up in the mornings. He claims that his psychiatrist will not allow him to reduce his medication levels. *Id.*, p. 4.

Plaintiff requests an award of compensatory damages and a new trial with a lower criminal charge. He also requests a transfer to a secure medical facility for

**ORDER-2**

treatment.  *Id*., p. 7.

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

**Eighth Amendment Claim**

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Plaintiff appears to be alleging a violation of his Eighth Amendment rights.

For an inmate to state an Eighth Amendment claim under § 1983 for denial of adequate medical treatment, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

**ORDER-3**

*Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).  The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  *Id.*

> The Ninth Circuit has defined a "serious medical need" as
>
> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference.  *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Mere indifference, medical malpractice, or negligence also will not support a

**ORDER-4**

cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). The Ninth Circuit recently clarified that if medical personnel have been "consistently responsive to [the inmate's] medical needs, and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," summary dismissal is proper. *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

Additionally, a state official may have individual liability for depriving a plaintiff of a constitutional right if the state official is personally involved in committing an affirmative act, participates in another's affirmative act, or omits to perform an act which the person is legally required to perform. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). A plaintiff must link the state actor with the alleged constitutional violation in order to proceed against a defendant.

Plaintiff's allegations in the Complaint fail to adequately show that Defendants were deliberately indifferent to Plaintiff's serious medical needs. If Plaintiff believes that he meets the Eighth Amendment standards set forth above, then he may file an amended complaint, outlining these allegations. Plaintiff must

**ORDER-5**

specifically allege which defendants allegedly participated in the civil rights violations.

**Statute of Limitations**

Plaintiff is also advised that his claims may be barred by the statute of limitations. The length of the statute of limitations for a civil rights action is governed by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations. Federal law governs when the cause of action accrues or the statute of limitation begins running. *Elliott v. Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

***Heck v. Humphrey* Bar**

The Complaint contains a request that Plaintiff be given a new trial because of alleged defects in his criminal conviction. When a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . .

**ORDER-6**

imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  The use of a civil rights action to challenge a criminal conviction is barred by the holding found in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) wherein the Supreme Court determined that, when a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*  As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*

On the other hand, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnote omitted).

Based on the foregoing, Plaintiff's Complaint is also subject to dismissal to the extent he is attempting to use a civil rights action to overturn his criminal conviction.

## ORDER

**ORDER-7**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state cognizable constitutional claims.  He shall be given leave to file an amended complaint within thirty (30) days of this Order's date in accordance with the directives set forth above.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Docket No. 1) is conditionally GRANTED.  In the event Plaintiff decides not to file an amended complaint, the request for indigent filing status will become moot.



DATED:  **June 16, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER-8**